IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLARD MANN                                                                                      PLAINTIFF

V.                                              No.  14-5289

DR. NEIL MULLINS,
Nurse RHONDA MESCHEDE, and
Nurse RHONDA BRADLEY                                                                DEFENDANT

### REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Defendants Motion to Dismiss (ECF No. 6) filed December 22, 2014.  The Plaintiff  filed a Response, *See ECF No.* 11 on December 31, 2014 entitled "Amended Complaint".

### I.  Background

The Plaintiff filed a complaint (ECF No. 1) on September 17, 2014 alleging that the Doctor and Nurses in the Washington County Detention Center violated his constitution rights by being deliberately indifferent to his serious medical needs.

His complaint stated that Dr. Mullens had seen him three times regarding his "dizzy" spells and only prescribed aspirin after being informed of his intention to file a federal law suit. (Id., p. 11).  He further alleged that Nurse Bradley "repeatedly tried to convince myself as well as the rest of the medical staff I didn't need my blood thinners which I've take for years". (Id.). Plaintiff contended that Nurse Meschede "never tried to confirm my needs of blood thinners." (Id.).

The Defendants filed the Motion to Dismiss (ECF No. 6) on December 22, 2014 and simultaneously filed and Answer (ECF No. 8).

The Plaintiff filed his Response (ECF No. 11) on December 31, 2014. In the Response the Plaintiff provides additional factual allegations. He contends that he was arrested July 4, 2014 and was kept in medical holding for the first two weeks because of sores on his arms. He contends that he informed Nurse Bradley of a "tulip" blood filter[1] in his chest and that he needed to be taking blood thinners. According to the Plaintiff's response Nurse Bradley checked some records and determined that the Plaintiff had not been on his medication for a couple of years. Plaintiff contended that he self medicated with aspirin and beer and that he asked to be placed back on his medication. (Id., p. 3). The Plaintiff contends that Nurse Bradley stated that "you drugies just want to come to jail to get healthy" (Id.) and that since he was not on it when he came to jail he was not going to get it while he was in jail. (Id., p. 4). The Plaintiff then contends that at some later date a new medical staff comes to the Washington County Jail and they place him on blood thinners. (Id., p. 5).

## II. Discussion

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 1719, 140 L. Ed. 2d 1043 (1998)(citation omitted). In *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006), the Eighth Circuit held that deliberate indifference is the "appropriate standard of

---

[1] The court was unable to find any medical reference to a "tulip" blood filter but a device referred to as an Inferior vena cava filter (IVC filter) may be the device the Plaintiff is referring to.

culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care and reasonable safety."

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  The deliberate indifference standard includes "both an objective and a subjective component:  'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'"  *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Additionally, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).  See also *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000)("To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question did in fact know of the risk.").

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992).  "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam) (internal quotation and citation omitted).

"[T]he failure to treat a medical condition does not constitute punishment within the

meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). In *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997), the Eighth Circuit said:

> As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation. *Id.* at 106, 97 S. Ct. at 292.

*Dulany*, 132 F.3d at 1239. *See also Tlamka v. Serrell*, 244 F.3d 628, 633 (8th Cir. 2001).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted)*; Carlson v. Wiggins* 675 F.3d 1134, 1138 (C.A.8 (Iowa), 2012)

In this case the Plaintiff's (ECF No.1) complaint, while sparse in factual allegations, has to be read in conjunction with the Response (ECF No. 11) the Plaintiff filed to the Defendant's Motion to Dismiss. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (holding a pro se complaint must be liberally construed); *See Smith v. Hundley*, 190 F. 3d 852,

855 quoting *Miles v. Ertl Co.*, 722 F.2d 434, 434 (8th Cir.1983) (pro se pleadings must be liberally construed); see also Fed.R.Civ. P. 8(f) ("all pleadings shall be so construed as to do substantial justice").

**A.  Official Capacity Claim:**

The Plaintiff has sued the Defendants in both their personal and official capacity. (ECF No. 1, p. 6). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *See Hafer v. Melo*, 502 U.S. 21 at 25. (1991).

A governmental entity may be held liable for the unconstitutional acts of its officials and/or employees only when those acts implement or execute an unconstitutional county policy or custom. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). The county would be liable for particular officer's conduct only if the subject officer were (1) a County employee or official and (2) if the officer was implementing or executing an unconstitutional county policy or custom that (3) directly caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397(1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. See *Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990).

Plaintiff has made no allegations that could possibly give rise to county liability in this case and his complaint is only associated with the individual activities of the health care provider and no county policy or custom.

**B.  Individual Capacity Claims:**

Individual capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *See Hafer v. Melo*, 502 U.S. 21 at 25-27. Government officials have qualified immunity from suit if their conduct does not violate clearly established constitutional rights of which a reasonable person should have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The Plaintiff contends that he has a medical device implanted in his circulatory system which requires that his blood be properly thinned and that he has a prescription to maintain thinned blood. He admittedly did not fill the prescription for some time prior to his arrest and incarceration but claims that he "self medicates" to keep his blood thin. The self medication by the Plaintiff was to drink beer with aspirin. (ECF No. 11, p. 3). It is unquestioned that the Defendants did not fill the Plaintiff's prescription but the doctor ultimately did prescribe aspirin for the Plaintiff after he filed grievances. It also appears that some blood work was ultimately performed on the Plaintiff after his law suit was filed but the results of the blood work are not in the record.

There clearly exist a question of fact as to whether it was proper to fill the Plaintiff's prescription for blood thinner medication or whether the subsequent prescribed treatment of aspirin was adequate. The court believes that reading the complaint with the Response the Plaintiff has set forth a claim that is plausible on its face and a factual dispute exist concerning the medical care received.

### III. Conclusion

Based upon the forgoing I recommend that the instant Motion to Dismiss be **GRANTED**

in regards to the Official Capacity Claim and **DENIED** as to the Individual Capacity Claim.

The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 23rd of February 2015

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE